1

2                    **UNITED STATES DISTRICT COURT**

3                          **DISTRICT OF NEVADA**

4

5    WILLIAM URAL NEEL                )
                                      )        3:06-CV-0021-PMP (VPC)
6            Plaintiff,               )
                                      )
7        vs.                          )        **REPORT AND RECOMMENDATION**
                                      )        **OF U.S. MAGISTRATE JUDGE**
8    THEODORE D'AMICO, ET AL.         )
                                      )
9            Defendants.              )        March 29, 2007
     _____)

10

11           This Report and Recommendation is made to the Honorable Philip M. Pro, United States

12   District Judge.   The action was referred to the undersigned Magistrate Judge pursuant to 28

13   U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion for summary

14   judgment (#55).  Also before the court is defendants' request for submission of unopposed motion

15   for summary judgment (#60).  Plaintiff filed nothing in opposition to either motion.  The court

16

17   has thoroughly reviewed the record and the motions and recommends that defendants' motions

18   (#55 and #60) be granted.

19                        **I.  HISTORY & PROCEDURAL BACKGROUND**

20

21           Plaintiff William Ural Neel ("plaintiff"), a *pro se* prisoner, is currently incarcerated in the

22   custody of the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center

23   ("LCC") (#13).  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 for violations of his

24   and other NDOC prisoners' Eight Amendment right to be free from cruel and unusual punishment

25   and Fourteenth Amendment right to due process (#4).  Plaintiff names as defendants Theodore

26   D'Amico, NDOC Medical Director and Glenn Whorton, NDOC Director.  *Id.*  Plaintiff also seeks

27   injunctive relief against the Nevada Board of Prison Commissioners and NDOC.  *Id.*

28           In count I, plaintiff alleges that defendants violated his Eighth Amendment rights by being

deliberately indifferent to his and other prisoners' medical concerns. *Id*. The allegations are that defendants have denied NDOC prisoners adequate medical care by, among other things, instituting policies which have eliminated certain medications and treatments, allowing long waiting periods to receive required medications, denying prisoners their required medication for no reason, and refusing to treat chronic conditions through medication or surgery. *Id*., Exhibit A. In count II, plaintiff alleges that he has a state-created liberty interest in being free from defendants' deliberate indifference, and that defendants have denied him the right to a hearing, which violates his Fourteenth Amendment right to due process. *Id*.

On January 11, 2006, plaintiff filed a motion for leave to proceed *in forma pauperis* and attached his civil rights complaint (#1). The court screened plaintiff's complaint and filed it on February 13, 2006 (#4). Plaintiff filed a motion to certify a class action (#5), which the court denied. *See* #s 46, 48 and 54.

On September 15, 2006, the defendants filed a motion for summary judgment (#55). On September 18, 2006, the court sent plaintiff its standard *Klingele* Order, which informs plaintiffs of the requirements for opposing a dispositive motion (#58). The order gave plaintiff fifteen days to file an opposition. *Id*. Plaintiff failed to submit any opposition. On November 16, 2006, the court *sua sponte* granted plaintiff "one ***final*** extension to Friday December 15, 2006" to file an opposition to defendants' motion for summary judgment, and warned plaintiff that the failure to submit an opposition would result in the defendant's motion being submitted to the court for decision (#59). After plaintiff failed to file an opposition, defendants filed a motion on December 19, 2006 for submission of their unopposed motion for summary judgment (#60). Plaintiff did not file a response.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the

plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  DISCUSSION & ANALYSIS

### A.  Discussion

#### 1.  Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(C). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden,

the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.  Analysis**

Defendants allege that because the court denied plaintiff's motion for class status, the only viable claims are those particular to plaintiff (#55, p. 2). Defendants argue that plaintiff failed to properly exhaust his administrative remedies because he did not complete the prison grievance process prior to filing his complaint with this court. *Id.*, p. 7. Defendants further argue that plaintiff fails to state a claim because he makes no factual allegations that any of the named defendants had any direct involvement in ordering and dispensing his medication. *Id.*, p. 8. Finally, defendants argue that there is no evidence that defendants acted with deliberate indifference because plaintiff cannot prove that defendants acted with a culpable state of mind or that he suffered harm that was "sufficiently serious." *Id.*, p. 10.

Defendants submit an affidavit from Robert LeGrand, LCC Associate Warden, and copies of plaintiff's administrative grievances. *Id.*, Exhibits B. The evidence demonstrates that plaintiff failed to complete the full administrative grievance process prior to filing this action on January 11, 2006, because he filed his first level appeal that same day. *Id.*, Exhibit B, D-MSJ 48. Plaintiff's second level appeal was not resolved until February 16, 2006. *Id.*, D-MSJ 40-41. Additionally, plaintiff's first level appeal appears improper because he agreed with the result of his informal grievance but then filed an appeal anyway. *Id.*, D-MSJ 51; *see also generally*

Exhibit C.

Defendants also submit an affidavit from Dr. John Scott, the Senior Physician at LCC, and one of plaintiff's treating physicians at LCC, as well as copies of plaintiff's medical records (#57) (sealed). A review of the evidence indicates that even if plaintiff was denied his medication for a period of time, it does not appear plaintiff suffered any serious harm.

Local Rule 7-2 states "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). In the *Klingele* order the court sent plaintiff, it stated:

> If the nonmoving party fails to oppose the motion within fifteen (15) days, or if the non-moving party fails to submit evidence supporting its opposition, and if the motion for summary judgment has merit, that failure to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Local Rule 7-2(d). The court may then grant the motion and enter judgment. Local Rule 7-2(d).

(#58). Defendants motion has merit and plaintiff has been duly warned of the consequences of failing to oppose it. Therefore, the court concludes that the plaintiff consents to each of the defendants' arguments and grants summary judgment on all counts.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaitniff's failure to oppose defendants' motion for summary judgment constitutes his consent to the granting of that motion. Moreover, defendants' unopposed evidence indicates that: (1) plaintiff failed to properly exhaust his administrative remedies prior to bringing his claim; and (2) plaintiff does not appear to have suffered any serious harm. As such, the court recommends that defendants' request for submission of unopposed motion for summary judgment (#60) and defendants' motion for summary judgment be **GRANTED**.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that recommends that defendants' request for submission of unopposed motion for summary judgment (#60) and defendants' motion for summary judgment (#55) be **GRANTED**.

**DATED:** March 29, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**